J-S17044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAWN BRADY AND JAMES TULLY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY MITCHELL AND RUSSELL E. | : | No. 291 EDA 2026 |
| OLEXA, JR. | : | |

Appeal from the Order Entered January 16, 2026
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2022-62121-C

BEFORE: PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 13, 2026**

Dawn Brady and James Tully (together, Appellants) appeal the order entered in the Court of Common Pleas of Bucks County awarding shared custody of a minor child, R.O. (born 11/2021), with Ashley Mitchell (Mother) and Russell E. Olexa, Jr. (Father) (together, Appellees).[1] We affirm.

The trial court set forth the facts of this case as follows:

On December 8, 2022, [Appellants] filed a complaint for sole legal and physical custody of [R.O. . . . Appellants] reside in Bensalem, Pennsylvania, where [R.O.] has resided for the majority of his life, due to Mother['s] and Father's persistent substance abuse issues. [Tully] is a retired Bristol Township police officer, and [Brady] is a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Brady is R.O.'s maternal grandmother, and Tully is R.O.'s maternal step-grandfather, while Mitchell and Olexa, Jr. are R.O.'s parents.

retired bar and restaurant owner who does not receive retirement income.

[R.O.] was born out of wedlock. Mother and Father engaged in a tumultuous relationship, as Father has a history of abuse toward Mother. Notwithstanding this history, Mother and Father subsequently reconciled and were married in May of 2025. Mother and Father presently reside together in Bristol, Pennsylvania. Mother is employed as an art therapist, and Father receives a [veterans'] pension. Mother and Father have been paying child support.

Father has made progress in managing his anger issues and has attended anger management classes. Both Mother and Father have a history of substance abuse, but are actively participating in treatment and are members of Alcoholics Anonymous. Mother reports maintaining sobriety for two years, and Father reports three years of sobriety.

On January 19, 2023, after a conference with the custody conference officer, the parties entered into an agreement whereby [Appellants] are to have sole legal custody[,] but they are "to keep [Appellees] informed about the significant aspects of the child's life, including but not limited to medical issues, education, religion, activities, and the like." Agreement of Parties Order, 1/19/2023, [at] 2. The parties also agreed that [Appellants] shall have sole physical custody of [R.O.], but added an additional provision which stated: "the parties are free to make any other custody arrangement by mutual agreement." *Id.*

On February 10, 2025, [Appellees] filed a petition for modification of custody, claiming that [Appellants] were not following the January 19, 2023[] order.

On March 13, 2025, following a conference with a custody conference officer, the parties entered into an agreed order granting [Appellants] sole legal custody of [R.O.] The order further provides that [Appellants] shall have sole physical custody of [R.O.], while [Appellees] shall be entitled to visitation supervised by "The Assurance Group" (hereinafter []TAG[]) for two hours per week.

On May 6, 2025, Father filed a petition for civil contempt against [Appellants], whereby Father claimed that [Appellants] were not

following the March 13, 2025, order by refusing to permit Father to exercise his visitation rights with [R.O.]

On May 30, 2025, [Appellees] filed a petition for modification of custody claiming that [Appellants] refused to bring [R.O.] to the supervised visits if Father was present.

On June 26, 2025, the parties had a conference with a custody conference officer.

On August 6, 2025, [Appellants] filed a petition for contempt of custody, asserting that [Appellees] failed to cooperate with TAG during supervised visits. The petition requested that [Appellees] be found in contempt of the March 13, 2025 order, that their visitation remain supervised, that they bear the costs of supervision, and that [Appellants] be awarded attorneys' fees.

The court held a custody trial over the course of four days: August 15, 2025; October 17, 2025; January 5, 2026; and January 15, 2026. This trial covered Father's petition for contempt, [Appellees'] petition to modify custody, and [Appellants'] petition for contempt.

On January 15, 2026, the court entered an order denying both [of the] petitions for contempt and awarding shared legal custody of [R.O.] to [the parties]. The order further provides that [Appellants] shall have temporary primary physical custody, while [Appellees] shall receive a gradual increase in physical custody contingent upon their successful completion of quarterly drug and alcohol testing, with the results to be shared with [Appellants].

On January 21, 2026, [Appellants] filed their notice of appeal[.]

Trial Court Opinion, 2/19/26, at 1-4 (unnecessary capitalization omitted).

Nevertheless, Appellants failed to concomitantly file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i).[2] On

_____

[2] In any event, we may proceed to review the appeal. *See In re K.T.E.L.*, 983 A.2d 745 (Pa. Super. 2009) (failure to file Rule 1925(b) statement alongside children's fast track appeal is considered defective notice of appeal but appeal will not be dismissed since failure to file statement is violation of procedural rule and not order of court); *cf. J.P. v. S.P.*, 991 A.2d 904 (Pa.
*(Footnote Continued Next Page)*

January 23, 2026, the court entered an order for Appellants to file of record and serve on the court their Rule 1925 concise statement within twenty-one days of the entry of that order. *See* Order, 1/23/26.

Appellants timely filed a concise statement but never served it upon the trial judge. The trial court opines that this omission in service upon the judge precludes review of this appeal. *See* Trial Court Opinion, 2/19/26, at 7-10. We disagree because the court issued a defective Rule 1925 order, as discussed below.

Filing and service of a concise statement, if ordered, are basic requirements of Rule 1925 that, if not complied with, result in waiver of the issues on appeal. *See Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *see also Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 229 (Pa. Super. 2005). The waiver requirements of Rule 1925 apply to family law cases. *See J.P.*, 991 A.2d at 908. However, in determining whether an appellant has waived the issues on appeal based on non-compliance with Rule 1925, it is the trial court's order that triggers an appellant's obligation under the rule. *See Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). Therefore, we look first to the language of the relevant order. *See id.*

Pertinently, Rule 1925(b)(3)(iii) provides that:

_____

Super. 2010) (failure to file Rule 1925(b) statement, when ordered by the trial court, will result in waiver of all issues).

- 4 -

[t]he judge's order directing the filing and service of a Statement shall specify:

> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and **both the place the appellant can serve the Statement in person** and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge[.]

Pa.R.A.P. 1925(b)(3)(iii) (emphasis added).

Here, the trial court's Rule 1925 order failed to apprise the Appellants of where they could serve the Rule 1925(b) concise statement in person. Accordingly, we decline to find waiver. **See Berg**, 6 A.3d at 1011; **see also Commonwealth v. Devilbiss**, 351 A.3d 272, 274 n.2 (Pa. Super. 2026).

Additionally, the trial court suggests that Appellants have further waived all of their issues in this appeal because Appellants' Rule 1925 concise statement "spans five full pages and contains twenty-one paragraphs[ that are] unnecessarily repetitive and violate[ Rules] 1925(b)(4)(i), (ii), and (iv)." Trial Court Opinion, 2/19/26, at 5. However, again, we decline to find waiver because the relevant issues are identifiable, the trial court addressed them in its Rule 1925 opinion, and our appellate review is not materially hampered. **See Commonwealth v. Smyser**, 195 A.3d 912, 916 (Pa. Super. 2018) (addressing claim, despite potential waiver due to non-compliant Rule 1925(b) statement, because trial court could "readily apprehend" issue); **cf. Tucker v. R.M. Tours**, 939 A.2d 343, 346-48 (Pa. Super. 2007) (holding that concise statement that is too vague to allow court to identify issues on appeal is

functional equivalent of no Rule 1925(b) statement, and issues are waived even if trial court correctly guesses them).

On appeal, Appellants present the following issues for our review:

1. Did the trial court err and/or abuse its discretion in awarding unsupervised custody and shared legal custody of the child to Appellees where the court did not engage in a fact-specific, case[-]specific analysis of the best interest factors and made no findings to support its legal conclusion that such a custody arrangement is in the child's best interest, despite clear evidence and recommendation by the agreed upon custody evaluator and other witnesses that this was not in the best interest of the child and that the child should not be unsupervised with Mother and Father for at least a year?

2. Did the trial court err and/or abuse its discretion in failing to appropriately weigh allegations of abusive and negligent conduct on the part of Appellees for custody factors 1, 2, 2.1, and 2.2, in accordance with 23 Pa.C.S. § 5328(a)(2) and (a)(13) and as amended by Kayden's Law (Act 5 of 2023)?

3. Did the trial court err and/or abuse its discretion in failing to place a fact[-]specific, case[-]specific Kayden's Law analysis onto the record to place the safety interests of the minor child above all else in the custody factor analysis where the trial court did find that Father had committed violent or assaultive behavior against Mother?

4. Did the trial court commit an error of law in failing to conduct an evidentiary hearing into Father's physical abuse of Mother and other individuals under Kayden's Law where the trial court did find that Father had committed violent or assaultive behavior against Mother?

5. Did the trial court commit an error of law in refusing to place on the record a Kayden's Law analysis of financial factors for professional third-party supervision where the trial court did find that Father had committed violent or assaultive behavior against Mother triggering the presumption of professional third-party supervision?

6. Did the trial court commit an error of law in refusing to permit the testimony of [Appellants'] witness, a licensed private

investigator, who had relevant Kayden's Law testimony to the fact that Father was working full-time while receiving social security disability benefits where the trial court did find that Father had committed violent or assaultive behavior against Mother?

7. Whether the trial court committed an error of law or abused its discretion in refusing to permit the reports of the court[-]ordered supervisor, [TAG,] into evidence, who had relevant Kayden's Law testimony where the trial court did find that Father had committed violent or assaultive behavior against Mother?

*See* Appellants' Brief, at 7-10.

Our standard of review of a challenge to a custody order is well-settled:

Our standard of review over a custody order is for a gross abuse of discretion. Such an abuse of discretion will only be found if the trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record.

In reviewing a custody order, we must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the trial court who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Rogowski v. Kirven*, 291 A.3d 50, 60-61 (Pa. Super. 2023) (citations and brackets omitted). Further, "as with all custody matters, the paramount concern is the best interest of the child involved." *Id.* at 61 (citation, brackets, and quotation marks omitted).

- 7 -

Prior to reaching the merits of this appeal, we observe that Appellants' brief violates Rule of Appellate Procedure 2119(a) insofar as it divides argument pertaining to seven issues under only two separate sub-headings. *Cf.* Pa.R.A.P. 2119(a) ("**The argument shall be divided into as many parts as there are questions to be argued**; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.") (emphasis added).  We address the issues to the extent we can discern developed reasoned argument relating to preserved claims.  *See Jones v. Jones*, 878 A.2d 86, 90-91 (Pa. Super. 2005); *see also Ruzicki v. Catholic Cemeteries Ass'n of Diocese of Pittsburgh*, 610 A.2d 495, 496 n.1 (Pa. Super. 1992).

Under the first sub-heading of the argument portion of their brief, Appellants assert that the trial court abused its discretion by awarding shared legal custody and unsupervised physical custody contrary to the weight of the evidence under 23 Pa.C.S. § 5328(a), and as amended by Kayden's Law.  *See* Appellants' Brief at 17-31.  Although couched in terms of weight of the evidence, Appellants' argument under this sub-heading also relies on claims based on insufficiency insofar as Appellants argue that the trial court failed to make a fact-specific, case-specific analysis pursuant to *S.W.D. v. S.A.R.*, 96 A.3d 396 (Pa. Super. 2014), *C.B. v. J.B.*, 65 A.3d 946 (Pa. Super. 2013), and *J.R.M. v. J.E.A.*, 33 A.3d 647 (Pa. Super. 2011).  Appellants aver that the trial court erroneously failed to explain "why Appellees could ensure the safety

of the child, and did not engage in a fact-specific, case-specific analysis for why [Appellees] no longer posed a risk to ensuring the child's safety," and they argue the court failed to address Father's prior arrests and convictions for abusing Mother. Appellants' Brief at 20. Likewise, Appellants maintain that the court failed to follow the required procedure under 23 Pa.C.S. § 5323(e) by failing to place an on-the-record analysis of why unsupervised physical custody was in R.O.'s best interest. *See id.* at 23. Appellants also argue that the court erroneously failed to place "a Kayden's Law analysis regarding the findings of abuse by Father against Mother on the record." *Id.* at 25. Moreover, Appellants cite to *C.R.F. v. S.E.F.*, 45 A.3d 441 (Pa. Super. 2012), and complain that the trial court failed to analyze Father's potential abuse of his older minor child where Father testified that his older minor child was present when he hit and strangled Mother, which placed his other child at risk of being harmed by his abuse. *See id.* at 26-27.

As to their challenge to the weight of the evidence, Appellants take issue with the trial court's analysis of certain custody factors, namely, factors 1, 2, 2.1, and 2.2. *See id.* at 18. Appellants assert that they, and multiple other witnesses, identified and testified credibly to several issues concerning R.O.'s safety, including: (1) some issues documented by the court-appointed custody evaluator; (2) Father's alleged outbursts and dysregulation throughout the proceedings; and (3) the documented history of Appellees' drug and alcohol abuse. *See id.* at 21-22, 24-25. Appellants claim that the court's conclusion that Father's abuse of Mother is in the past and will not be

a problem in the future is unreasonable because the court found that Father abused Mother previously and did not analyze the impact on Child's safety of Father's past abusive conduct toward Mother. *See id.* at 23.

Appellants also point to the fact that Mother filed for a protection from abuse order[3] against Father in November 2022, while Father was still incarcerated, and that she continued to renew the temporary order through October 2024, just four months prior to Appellees' petition for modification of custody. *See id.* at 24. Appellants allege that R.O. has significant "special needs that require near constant monitoring and intervention" and that the child is "at a unique risk of having his emotional and physical safety and wellbeing threatened, as he does not have the ability to communicate as other children his age do." *Id.* at 26.

Also, Appellants take issue with the trial court finding "that factor [2.2] weighs against Father in this case," but that the court did not further state how Father's abusive behavior was considered by the court when granting unsupervised custody to Appellees. *Id.* at 29. Appellants claim that this lack of analysis violates 23 Pa.C.S. § 5323(e), pursuant to their assertion that courts must place in the record why unsupervised custody is in the best interest of the child if there is a history of abuse committed by a party. *See id.* Appellants assert that Pennsylvania Rule of Civil Procedure 1915.3-2(B)(ii) requires consideration of: "(a) the severity of the offense or abuse; (b) when

_____

[3] *See* 23 Pa.C.S. 6101, *et seq.*

the offense or abuse occurred; (c) if the victim was a child or family member; and (d) whether the offense or abuse involved physical violence," none of which was considered by the court in this case. *Id.* at 29-30. Specifically, Appellants emphasize that "[t]he severity of Father's abuse, which involved strangling Mother and kicking her in her stomach, ribs[,] and head should have been considered," along with the fact that one incident occurred two years prior to Appellees filing for modification of custody, the close and familial relationship that the parties share with each other and R.O., as well as the repeated nature of the abuse which resulted in two arrests. *See id.* at 30. Appellants state that the trial court's failure to properly weigh the factors and explain why unsupervised custody was in R.O.'s best interest "despite Father's history of abuse, and failure to analyze the severity of Father's abuse against Mother constitutes a misapplication of the law and was an abuse of discretion." *Id.* at 31. We find no relief is due.

At the January 15, 2026 hearing, the trial court set forth the following analysis of the relevant custody factors:

> [Factor] 1 is which party is more likely to ensure the safety of the children. I find that [Appellants] are more likely to do that, although I find that under the current circumstances the parents are also likely to do that.
>
> [Factor] 2, the present and past abuse committed by a party or a member of the party's household, which may include past or current protection from abuse or sexual violence orders where there's been a finding of abuse. Clearly there's been issues regarding Father's physical abuse of Mother, but I find that that is in the past and is not an issue going forward based on the order that I'm going to be entering.

- 11 -

[Factor] 2.1, the information set forth in Section 5329.(1)(a) relating to consideration of child abuse and involvement with protective services. I haven't heard any indication of involvement of protective services or any abuse of this child.

[Factor] 2.2, the violent or assaultive behavior committed by a party. I find that [] factor weighs against Father in this case.

[Factor] 2.3, the level of cooperation and conflict between the parties including Subsection i, which party is more likely to encourage and permit frequent and continuing contact between the child and the other party if contact is consistent with the safety needs of the child. I find that that factor slightly favors [Appellees] in this case because clearly [Appellants] do not encourage and permit frequent and continuing contact.

Subsection ii, the attempts of a party to turn the child against the other party, except in cases of abuse where reasonable safety needs are necessary to protect the safety of the child. I don't find that there's any attempt to turn this child against the other parties.

[Factor] 3, the willingness and ability of a party to prioritize the needs of the child by providing appropriate care, stability[,] and continuity for the child, considering the parental duties performed by the party on behalf of the child in the past and whether the party is willing and able to perform duties in the future and attend to the daily physical, emotional, developmental, educational and special needs of the child. I find that that factor favors [Appellants] in this case. They've been the ones who have been the most stable influence [on] the child and I believe will continue to do that in the future.

[Factor] 4, the need for stability and continuity in the child's education life, family life and community life, except if changes are necessary to protect the safety of the child or a party. I find that that factor again favors [Appellants] because they are the ones who have [] been providing the stability and continuity in the child's life so far.

[Factor] 5, the child's sibling and other familial relationships. Clearly[, Appellants] have been providing a great deal of care for

the child. There[ are] no sibling relationships.[4] There are step-sibling relationships, but I don't find that they are important enough for this child, considering the child's age, for that to be a factor that's important for the court to consider.

[Factor] 6, the well-reasoned preference of the child, based on the child's developmental stage, maturity[,] and judgment. There's no preference of the child stated here[,] and the child is of such a young age and lacks the maturity and judgment to make a well-reasoned preference.

[Factor] 7, the proximity of the residences of the parties. Here[,] [Appellees] live in Bristol and [Appellants] live in Bensalem. I don't think [] that's a difficult factor that's relevant in this particular case.

[Factor] 8, each party's employment schedule and availability to care for the child or ability to make appropriate childcare arrangements. I find that [Appellants and Appellees] are equally capable of making appropriate childcare arrangements, so I don't find that that factor favors one versus the other.

[Factor] 9, the history of drug or alcohol abuse of a party or a member of the party's household. That factor clearly favors [Appellants]. [Appellees] both have had problems with drug or alcohol problems.

[Factor] 10, the mental and physical condition o[f] a party or a member of the party's household. Other than the aforementioned drug and alcohol problems, I don't find [] that's a factor [that is] significant in this case.

[Factor] 11, any other relevant factor, and I don't find that there's any other relevant factor that I need to consider.

I've given a great deal of consideration to this matter. I've considered the arguments that were made by the parties and I've considered the proposed orders. What I've done is compiled an order that I think is the appropriate order.

N.T. Proceedings, 1/15/26, at 2-6 (unnecessary capitalization omitted).

_____

[4] We recognize that Father has an older child, but the notes of testimony reflect that Father is no longer in contact with that child, who lives in New York. *See* N.T. Proceedings, 8/15/25, at 121.

Further, in its Rule 1925 opinion, the trial court explained its custody determination:

> To the extent that th[e c]ourt can distill the essence of [Appellants'] claims, it appears they assert that the [c]ourt failed to adequately consider [Appellees'] prior substance abuse history and Father's tumultuous and at times violent history with Mother when issuing the final custody order.
>
> However, the record substantiates that these concerns were thoroughly evaluated. (N.T. January 15, 2026, at pp. 1-12). The [c]ourt considered the evidence pertaining to past conduct, weighed the credibility of the parties involved, and assessed the progress made by [Appellees].
>
> Father has shown measurable progress in addressing his anger management issues by attending anger management classes. Both Father and Mother are currently engaged in ongoing treatment and are active members of Alcoholics Anonymous. Mother has maintained sobriety for a period of two years and Father has maintained sobriety for a period of three years.
>
> The final [o]rder reflects a determination that, given the demonstrated improvement by [Appellees] and considering the best interest of [R.O.], [Appellees] should be granted custodial time with [R.O.]
>
> Further, given [Appellees'] history, the [c]ourt continues to exercise caution and, for that reason, included a provision in the January 15, 2026[ o]rder that "Mother and Father shall obtain quarterly [Ethyl Glucuronide] alcohol testing and quarterly 14-panel hair follicle or nail drug tests" and that the results shall be released to [Appellants]. Custody Order, 1/15/2026, at 3.

Trial Court Opinion, 2/19/26, at 14-15.

After our review of Appellants' weight and sufficiency claims, as set forth under the first argument sub-heading,[5] we find no relief is due because we

_____

[5] In our review, we discern that Appellants improperly combined their argument for the first four issues presented in this appeal under this first sub-

*(Footnote Continued Next Page)*

- 14 -

conclude that the court properly considered the relevant factors and that its findings and order are supported by the record. ***See Rogowski***, 291 A.3d at 60-61. Specifically, the court found that Appellees made material progress in their drug and alcohol abuse recoveries, and Father in his anger management, all of which are supported by the record. ***See*** N.T. Proceedings, 8/15/25, at 11, 17, 18, 68-69, 92 (Mother testifying regarding her two years of sobriety and years of recovery); ***id.*** at 69 (Mother testifying regarding changes she saw in Father's behavior including "He was not the same human being. I've witnessed where he could get mad and he does not act out at all. He goes to therapy. He's a whole different human because people can recover like me, myself."); ***id.*** at 105 (Father testifying regarding his three years' sobriety and participation in psychological therapy and treatment programming for

_____

heading. ***Cf.*** Pa.R.A.P. 2119(a). In answering the questions presented, we find the court properly: (1) engaged in a fact-specific, case-specific analysis of the best interest factors and the custody order was supported in the record; (2) weighed the allegations of abuse; and (3) weighed R.O.'s best interests. Further, we observe that the court properly heard the evidence presented, and Appellants have waived any argument regarding additional evidentiary hearings where they abandoned making any developed argument on that claim in their appellate brief. ***See Allied Envtl. Serv. v. Roth***, 222 A.3d 422, 424 n.1 (Pa. Super. 2019); ***see also Commonwealth v. Fransen***, 42 A.3d 1100, 1116 n.14 (Pa. Super. 2012) (*en banc*). Appellants similarly fail to show where that evidentiary hearing request was preserved in the trial court. ***See*** Pa.R.A.P. 2117(c) (requiring statement of case in appellate brief to identify place and manner in which issues were raised and preserved in trial court); ***see also*** Pa.R.A.P. 2119(e) (requiring argument in appellate brief identify where appellant raised and preserved issues); ***Young v. S. B. Conrad, Inc.***, 216 A.3d 267, 274 (Pa. Super. 2019) (noting that "Our appellate courts have long held that an appella[nt] who does not follow [Rule] 2117(c) and [Rule] 2119(e) waives the related issues due to the defects in his brief.").

veterans through U.S. Department of Veterans Affairs); *id.* at 106 (Father testifying regarding his participation and completion of Veterans Affairs anger management program); *id.* at 107, 115 (Father testifying regarding his continued participation in Alcoholics Anonymous three to four times per week, and participation in therapy, and in sponsorship of other individuals in Veterans Affairs services); *id.* at 115 (Father testifying that he has only ever become physically confrontational with others when under influence of alcohol); *id.* at 116 (Father testifying that he feels he has control over his anger and sobriety); N.T. Proceedings, 10/17/25, at 30 (Nina Hershman, President of Board of Directors at Safe Haven Recovery House, testifying that Mother attended regular weekly therapy meetings at recovery home, Mother remained sober throughout, and Mother's addiction was "in the past"); *id.* at 94-97 (James McHale, Father's sponsor through Alcoholics Anonymous, testifying that Appellees attended Alcoholics Anonymous, and Father relies on skills learned "in a calm, reasonable, rational way"). The court found that Father's abuse of Mother was in the past and does not affect R.O.'s safety and wellbeing, showing that, contrary to Appellants' claims, the court properly considered the relevant abuse history within the context of the case. Accordingly, we discern no abuse of discretion or error of law in this regard.

The court further found that it was in R.O.'s best interest to have custody time with Appellees, which evidences that the court properly considered the best interest of the child in making its determination. *See Rogowski*, 291 A.3d at 61. Appellants' attempt to connect Father's past abuse of Mother to

a potential for harm to R.O. in the future, in essence, asks this Court to find that Father has a propensity for violence that threatens R.O.'s safety and best interest, which is contrary to this Court's function under the appropriate standard of review, and contrary to the trial court's findings that are supported in the record, as stated above. *See id.* at 60-61. Further, contrary to Appellant's claims, the court's analysis demonstrates reasoned review of the relevant factors, which we may not reweigh. *See D.K. v. S.P.K.*, 102 A.3d 467, 479-80 (Pa. Super. 2014) (noting that "with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand" and observing that appellate courts may not reweigh evidence).

Moreover, Appellants' cited cases afford them no relief because those cases are inapposite and the trial court properly set forth an assessment of the relevant custody factors. *See* N.T. Proceedings, 1/15/26, at 2-6; *see also S.W.D.*, 96 A.3d at 403 (finding issue of school choice was "independent, discrete issue" not ordered in connection with form of custody); *C.R.F.*, 45 A.3d at 445-46 (defining "proceeding" under Child Custody Act and remanding for consideration of relocation factors under 23 Pa.C.S. § 5327(h)); *C.B.*, 65 A.3d at 956 (holding that trial court must set forth assessment of custody factors prior to appeal deadline); *J.R.M.*, 33 A.3d 647 (remanding for consideration of unconsidered custody factors). Also, we conclude that appellants have waived argument related to Rule 1915.3-2(B)(ii) because, in their appellate brief, they failed to show where they preserved it, and we have

not located where the issue was preserved in our independent review. *See Young*, 216 A.3d at 274. Accordingly, no relief is due on the issues presented under Appellants' first sub-heading of the argument portion of their brief.

Under the second sub-heading of their argument, Appellants claim, *inter alia*, that the trial court committed an abuse of discretion by finding that Father's history of abuse did not pose an ongoing risk to R.O., the court failed to follow the requirements of Section 5323 in analyzing Father's past abuse of Mother,[6] and the court prevented relevant Kayden's Law evidence regarding Appellees' behavior during supervised visitation and Appellees ability to afford professional supervised visitation. *See* Appellant's Brief, at 31-39.

Specifically, Appellants assert that the court committed an abuse of discretion by finding that Father did not pose an ongoing risk of abuse to R.O., despite its finding that factor 2.2 weighed against Father and its finding of Father's history of abuse against Mother. *See id.* at 31-32. Appellants state that the court improperly failed to follow 23 Pa.C.S. § 5323(e), which requires adherence to a specific procedure once the court found there existed a history of abuse by Father against Mother. *See id.* at 32. Appellants then rely on 23 Pa.C.S. § 5323(e.1) in support of the proposition that "if the court finds by a preponderance of evidence that there is an ongoing risk of abuse of the child there shall be a rebuttable presumption that the court shall only allow

_____

[6] Although similarly raised under the first sub-heading, this issue is developed under Appellants' second sub-heading, so we address the issue here.

supervised physical custody between the child and the party who poses the risk of abuse," and that if there is an award of supervised custody, professional supervised custody is favored. *Id.* at 32-33. Appellants complain that the trial court failed to mention what safety conditions were implemented to protect R.O., failed to analyze the reasons for imposing the conditions, and failed to delineate why unsupervised physical custody is in R.O.'s best interest, contrary to the requirements of Section 5323(e), and in contravention of Kayden's Law. *See id.* at 33-34 (citing *McGee v. McDowell*, 333 A.3d 383 (Pa. Super. 2025)); *see also id.* at 37. Appellants also cite *Landis v. Landis*, 869 A.2d 1003 (Pa. Super. 2005), for the proposition that the trial court's finding that Father's abuse of Mother no longer poses a risk to R.O. is "manifestly unreasonable," where "Appellees provided little evidence to prove that Father had overcome his anger management problem and violent tendencies and no longer posed a safety risk to [R.O.]" *Id.* at 35.

Appellants further seek to emphasize that Father allegedly admitted that he ceased attending all therapy and offered no evidence showing that it was recommended for him to do so, or that "he had overcome his continuing anger management and violence problems." *Id.* at 36.

Appellants maintain that the court's failure to properly address the issue of ongoing risk of abuse to R.O. "prevented the rebuttable presumption of professional supervised custody from triggering." *Id.* In that same vein, Appellants claim that there is significant evidence of risk to R.O. while in Appellees' care, as follows:

the trial court did not consider Mother's failure to hold Father responsible for his anger issues and abuse, and the possibility that she would fail to protect the child from any potential abuse by Father. Further, the trial court ignored that Father had his older minor child present when he physically assaulted Mother in 2020, and placed that child at grave risk of physical and emotional harm. Father's severe abuse of Mother, where he nearly killed her twice, is the exact type of abuse that Kayden's Law was enacted to address. Considering the substantial evidence that Father continues to have anger management problems, that Father ceased all therapy, and that Mother continues to defer to Father's interests, the record clearly reflects [R.O.] is subject to an ongoing risk of harm in Appellees['] care.

*Id.* at 39 (citations and unnecessary capitalization omitted).

Appellants also take issue with one of the court's evidentiary rulings wherein the court did not admit testimony from a licensed private investigator regarding Father's employment status. *See id.* at 36.

Moreover, Appellants invoke the doctrine of *parens patriae* and cite to ***Cruz v. Com., Dep't of Pub. Welfare***, 472 A.2d 725, 728 (Pa. Cmwlth. 1984), for the proposition that the Commonwealth "has a paramount interest in uncovering child abuse and protecting past **and potential** victims of such abuse." *Id.* at 37 (emphasis in original). Appellants state that "Kayden's Law does not specify that the abuse occur to the child themselves for a finding of ongoing abuse because the Commonwealth has a 'paramount interest' in protecting minor children" under the doctrine of *parens patriae*. *Id.* at 37-38. Appellants conclude with their request that the case be remanded for the entry of an order awarding Appellants sole legal custody and primary physical custody, subject to Appellees' professional supervised partial physical custody. *See id.* at 39. We find no relief is due.

After our review of Appellants' arguments set forth under the second argument sub-heading,[7] the record, and the relevant case law, we conclude that the trial court was not required—and did not err or abuse its discretion in declining—to award professionally supervised custody based on its findings in this case. We observe that Appellants' argument is conclusory and self-serving, as it weighs the evidence in Appellants' favor, contrary to the trial court's findings and to the appropriate standard of review. *See Rogowski*, 291 A.3d at 60-61. Importantly, the trial court did not find that there was any ongoing risk to R.O., and we discern none, especially where the only alleged risk to R.O. is hypothetical. *See* Appellants' Brief at 37 (the Commonwealth "has a paramount interest in uncovering child abuse and protecting past **and potential** victims of such abuse.") (emphasis in original); *see id.* at 39 ("the trial court did not consider Mother's failure to hold Father

_____

[7] In our review, we discern that Appellants improperly combined their argument for the last three issues presented in this appeal under this second sub-heading. *C.f.* Pa.R.A.P. 2119(a). In any event, we find that the court correctly concluded that a statutorily required third-party supervision does not apply. Further, Appellants have waived any argument regarding admission into evidence of the reports of the private investigator and TAG because Appellants abandoned making developed argument on those claims in their appellate brief. *See Allied Envtl. Serv.*, 222 A.3d at 424 n.1; *see also Fransen*, 42 A.3d at 1116 n.14. Although Appellants offer some argument relating to the private investigator report, Appellants' argument is cabined to one sentence and makes no citation to case law or the relevant standard of review. *See Santander Bank, N.A. v. Ansorge*, 327 A.3d 259, 265 (Pa. Super. 2024) ("Failure to cite relevant legal authority constitutes waiver of the claim on appeal.") (citation omitted); *see also* Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities).

responsible for his anger issues and abuse, and **the possibility** that she would fail to protect the child from any **potential abuse** by Father.") (emphasis added). Similarly, the rebuttable presumption that Appellants seek to rely upon is inapplicable here because the court never found that Father posed any ongoing risk to R.O., and we have already explained above that we will not reweigh the evidence or make new factual findings under the appropriate standard of review. *See* 23 Pa.C.S. § 5323(e.1) ("**If a court finds** by a preponderance of the evidence **that there is an ongoing risk of abuse of the child**, there shall be a rebuttable presumption that the court shall only allow supervised physical custody between the child and the party who poses the risk of abuse.") (emphasis added); *see also Rogowski*, 291 A.3d at 60-61.

To the extent that Appellants rely on Section 5323(e) for the proposition that the court failed to follow required procedure, Appellants have waived their arguments because they fail to show where those claims were properly preserved in the trial court and our review has not revealed the necessary preservation of that claim. *See Young*, 216 A.3d at 274; *see also* Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(e); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Insofar as Appellants argue that Father admitted he ceased therapy, we find

the record does not support that inference or conclusion.[8]  **See** N.T. Proceedings, 1/5/26, at 250.  Further, Appellants' argument in connection with the *parens patriae* doctrine offers no basis for relief insofar as:  (1) that doctrine was already invoked by the Commonwealth when legislating to grant grandparents standing; and (2) Appellants' invocation of that doctrine can only relate to their standing in this case.  **See D.P. v. G.J.P.**, 146 A.3d 204, 211 (Pa. 2016) (stating that "The component of the government's *parens patriae* responsibility implicated here is its interest in ensuring that children are not deprived of beneficial relationships with their grandparents.").  Indeed, here, the court's award of joint custody does not deprive Appellants of their beneficial relationship with R.O.  In the end, we find that Appellants are not entitled to any relief.

Order affirmed.

_____

[8] Appellants cite to Father's testimony in support of their claim:

> Q. Okay. As far as [] your therapy that you've been involved with as a disabled veteran, how long have you been in therapy?
>
> A. Since I got out of jail, so almost two years.  I did get up with my [primary care manager through Veterans Affairs].  She just got back from holiday. She had[,] apparently[,] a lot of holiday or days she had to take off because she's, like, a workaholic herself. But, yeah, I probably won't get into anything else until there's an opening.  A lot of veterans in my shoes.

N.T. Proceedings, 1/5/26, at 250.  Despite Appellant's self-serving characterization, Father's testimony was that he has been involved in therapy for two years and that he got "up with" his primary care manager—which is hardly an admission to ceasing therapy.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/13/2026